```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
                                :
In the matter of the            :
Arbitration between             :
                                :
GLACIER REINSURANCE AG,         :
                                :
     Petitioner,                :   Civil No. 3:07CV00583(AWT)
                                :
and                             :
                                :
ODYSSEY AMERICAN REINSURANCE    :
CORPORATION,                    :
                                :
     Respondent.                :
                                :
--------------------------------x
```

**ORDER RE PETITION FOR AN ORDER
TO APPOINT AN UMPIRE PURSUANT TO 9 U.S.C. § 5**

For the reasons set forth below, the Petition for an Order to Appoint an Umpire Pursuant to 9 U.S.C. § 5 is being granted in part and denied in part. The court is appointing Robert M. Hall as the umpire for the arbitration commenced by Glacier Reinsurance AG ("Glacier Re"). The court is denying Glacier Re's request for attorney fees and costs in connection with this case.

The time limitations in the arbitration clause of the Slip Policies could be extended by mutual consent of the parties. The parties agreed to extend the time period for selection of the umpire to March 27, 2007. There was never any agreement to extend the time such that Ian Hunter, QC and Franklin Haftl could be nominated. As to the remaining potential candidates, it is a matter of dispute whether there is an agreement between the parties that anyone in addition to Clement Dwyer, Robert Green, Paul Hawksworth, Robert M. Hall, and Richard White could be considered. Odyssey American

Reinsurance Corporation ("Odyssey Re") takes the position that "[e]ither the umpire nominations and selection process ended on the agreed deadline of March 27, 2007 with the five candidates then in consideration or both parties –- not just Glacier Re –- were entitled to nominate additional candidates and have them considered by the arbitrators." (Odyssey Re's Memorandum in Opposition to Glacier Re's Petition to Appoint an Umpire and in Support of Odyssey Re's Counterclaim (Doc. No. 12), at 3). Glacier Re contends that when it withdrew Richard White as a candidate, it acted at the behest of Odyssey Re in nominating Peter Bickford as his replacement. The court does not need to resolve this dispute. After reviewing the qualifications and prior and current relationships with the parties and their affiliates, counsel for the parties, and the party-appointed arbitrators of the five candidates Odyssey Re contends were under consideration as of March 27, 2007 and the additional candidate Glacier Re asserts should be considered, i.e. Peter Bickford (Dewey Clark having withdrawn his name from consideration), the court concludes that it is most appropriate to appoint Robert M. Hall as the umpire.

Hall has served as a party-appointed arbitrator and an expert witness for Odyssey Re and its affiliates and has served on several matters alongside Odyssey Re's party-appointed arbitrator. He has also served as a party-appointed arbitrator at the request of Odyssey Re's counsel in this matter. On the other hand, he has served as an umpire in an unrelated matter in which Glacier Re's counsel was involved and as an umpire in another unrelated matter in which Glacier Re's party-appointed arbitrator was involved, but from which

2

the arbitrator withdrew when a potential conflict of interest was identified.  The court concludes that the nature of Hall's exposure to persons associated with the party on each side of the dispute makes him less likely than any of the other candidates or potential candidates to be partial to either party to the arbitration.

The court has considered and finds unpersuasive Odyssey Re's argument that Glacier Re has breached the Slip Policies by interfering with or otherwise impeding the ability of the party-appointed arbitrators to agree on an umpire and thus forfeited its right to petition the court to appoint an umpire.

As for Glacier Re's request for attorney fees and costs in connection with this proceeding, it points to no contractual provision or other authority in support of its request.  In fact, neither party discusses this request in its papers.  Therefore, the request is being denied without prejudice.

Accordingly, the Petition for an Order to Appoint an Umpire Pursuant to 9 U.S.C. § 5 (Doc. No. 1) is hereby GRANTED in part and DENIED in part.  Robert M. Hall is hereby appointed as the umpire in the arbitration commenced by Glacier Re; Glacier Re's request for attorney fees and costs in connection with this case is denied without prejudice.

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of June 2007 at Hartford, Connecticut.

                                                _____/s/AWT_____
                                                     Alvin W. Thompson
                                               United States District Judge